IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RANDAL STORMES, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, | * | No. 3:19-cv-00020-JJV |
| Commissioner of the | * | |
| Social Security Administration,[1] | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Randal Stormes, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was forty-seven years old at the time of the administrative hearing. (Tr. 45-46.) He is a high school graduate, (Tr. 46), and has past relevant work as a material handler and bench assembler. (Tr. 32.)

The ALJ[2] first found Mr. Stormes had not engaged in substantial gainful activity from the alleged onset date of July 8, 2016. (Tr. 19.) The ALJ determined he has "severe" impairments in the form of "history of moderately displaced, minimally angulated, comminute, oblique fracture of the distal left tibia and transverse fracture of the proximal left fibular with shortening status post closed reduction and external fixation of his distal tibia fracture; leg length discrepancy; osteoarthritis of hip; osteoarthritis of right shoulder; anxiety disorder; and major depressive disorder." (*Id.*) The ALJ further found Mr. Stormes did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] (Tr. 20-21.)

The ALJ determined Mr. Stormes had the residual functional capacity to perform a very reduced range of sedentary work. (Tr. 21.) Given his residual functional capacity, the ALJ determined Plaintiff was no longer able to perform his past relevant work. (Tr. 32.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

numbers that Plaintiff could perform despite his impairments. (Tr. 65-68.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of document preparer, tube operator, and surveillance system monitor. (Tr. 33.) Accordingly, the ALJ determined Mr. Stormes was not disabled. (*Id.*)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues this case should be remanded for six reasons. (Doc. No. 15 at 19-36.) Most glaring is the Commissioner's failure to identify Plaintiff's back issues as a "severe" impairment (or at least provide rationale for not doing so). (Tr. 19.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). A non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

Plaintiff has a long history of back pain and limitation based on his back disorder. Stacey Noel, M.D., has treated Plaintiff's back disorder for years. (Tr. 411-485.) Plaintiff's application for disability benefits identifies "Back Injury" as his leading impairment. (Tr. 71.) At the administrative hearing, Mr. Stormes explained at length about the physical limitations associated with his back disorder. (Tr. 46-49.) When asked about his inability to work, Mr. Stormes testified, "I mean, my legs are broke and all that and my back's messed up." (Tr. 46.) On August 7, 2018, Plaintiff underwent magnetic imaging of his spine which revealed, "Posterior osteophyte with diffuse disc bulge and facet hypertrophy causing narrowing of bilateral neural foramen without spinal stenosis." (Tr. 13.) Given Plaintiff's substantial medical history of back disorder – including corroborating diagnostic testing - I find the Commissioner committed reversible error on this point. I also agree with Plaintiff's argument regarding developing the record. On remand, the Commissioner should obtain a consultative psychological examination. With remand for these two things, I believe Plaintiff's other arguments are moot at this point.

Counsel for both sides has admirably represented their respective sides in this case. But I find this case must be remanded on these points. Further development of the record will allow for a more thorough understanding of Plaintiff's limitations and whether or not he is able to engage in substantial gainful activity. THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 22nd day of October 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE